UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

OCTAVIO A. SIRI, on behalf of himself                    Civil Action No.
and all others similarly situated


                        Plaintiffs,

                                                **CLASS ACTION**
                                                **COMPLAINT**

    v.

IC SYSTEM, INC.

                                            **NO JURY TRIAL DEMANDED**

                Defendant.
-------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:


## INTRODUCTION

1. Octavio A. Siri ("Plaintiff"), on his own behalf and on behalf of the class he seeks to represent, bring this action to secure redress for the debt collection practices utilized by IC System, Inc. ("IC" or "Defendant") in connection with their attempts to collect alleged debts from himself and others similarly situated.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair

or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.  The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6.  Venue and personal jurisdiction in this District are proper because:

    i.      The acts giving rise to this lawsuit occurred within this District; and

    ii.     Defendant does business within this District.

## PARTIES

7.  Plaintiff, Octavio A. Siri, is an individual natural person who at all relevant times resided in the City of Bronx, County of Bronx, State of New York.

8.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.  Defendant IC System, Inc. is a corporation with its principal place of business located at 444 Highway 96 East, St. Paul, MN 55164. IC System, Inc. may be served with process through their registered agent, C T Corporation System located at 28 Liberty Street New York, NY 10005.

10. The principal purpose of IC is the collection of debts using the mail and telephone.

11. IC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. IC System, Inc states on its website: "Founded in 1938, IC System is a family-owned, privately held collection agency serving thousands of clients in industries such as healthcare, small business, financial services, government, communications, education, and utilities.. . . ." (https://www.icsystem.com/faqs/ (Last Visited May 28, 2019).

13. IC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## **FACTS**

14. Sometime prior to August 2018, Plaintiff allegedly incurred a financial obligation to Sprint related to a personal cell phone account in the Plaintiff's name (the "Debt"). The Plaintiff's personal cell phone account Debt with Sprint had an account number ending in "8404".

15. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal cell phone account in the Plaintiff's name that was issued by Sprint.

16. The Debt arose out of a cell phone account which Plaintiff opened for his personal use.

17. Plaintiff's cell phone account that was issued by Sprint was neither opened nor used by Plaintiff for business purposes.

18. Plaintiff's personal credit card account Debt to Sprint is a "debt" as defined by 15 U.S.C. §1692a(5).

19. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

20. On or before August 22, 2018, the Debt was allegedly referred by Sprint to IC for the purpose of collections.

21. The Debt was never assigned to IC.

22. Sprint never transferred, sold or assigned any of their property, interest or rights with regard to the Debt to IC.

23. No privity of contract exists between Defendant and Plaintiff such that Defendant has standing to sue Plaintiff for non-performance of any legal obligation of the Plaintiff arising from or with regard to the Debt.

24. Defendant is merely a third-party debt collector with no legal interest or right in the Debt.

25. Defendant contends that the Debt is past-due and in default.

26. At the time the Debt was referred to IC, the Debt was past-due.

27. At the time the Debt was referred to IC, the Debt was in default.

28. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

29. On or about August 22, 2018, IC mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the Letter dated August 22, 2018 sent by IC to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

30. IC mailed the Letter dated August 22, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

31. Plaintiff received the Letter attached as Exhibit A in the mail.

32. Plaintiff read the Letter attached as Exhibit A upon receipt of the letter in the mail.

33. Exhibit A was sent in connection with the collection of the Debt.

34. Exhibit A seeks to collect the Debt.

35. Exhibit A states in relevant part, "We are a debt collector attempting to collect a debt…"

36. <u>Exhibit A</u> conveyed information regarding the Debt including the Balance, IC Reference Number and a demand for payment.

37. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

38. <u>Exhibit A</u> represents IC's initial collection "communication" with the Plaintiff as communication is defined by 15 U.S.C. §1692a(2).

39. The Letter attached as <u>Exhibit A</u> states in relevant part in the top right portion:

    Balance Due: $2,205.92

40. Nowhere does the Letter attached as <u>Exhibit A</u> state, inform, or otherwise disclose that the "Balance Due" of $2,205.92 listed on the top right portion of the Letter may increase in the future because of interest and/or fees that will accrue on the Debt.

41. Interest and/or fees were in fact accruing on the Debt at the time Defendant sent the Letter attached as <u>Exhibit A</u>.

42. Interest and/or fees accrued on the Debt after Defendant sent the Letter attached as <u>Exhibit A</u> to Plaintiff.

43. The Letter does not state that the holder of the debt, Sprint, would accept payment of the $2,205.92 amount in full satisfaction of the Debt if payment was made by a specified date.

44. Plaintiff believed from reading the letter attached as <u>Exhibit A</u> that the $2,205.92 amount listed in the top right portion of the Letter under the heading "Balance Due" and again as the "current balance" was static, and that their payment of that amount would satisfy the Debt irrespective of when the payment was remitted.

45. The Debt has continued to accrue interest and/or fees after Defendant sent the August 22, 2018 Letter, and upon information and belief, the amount of the Debt is currently $2,222.55.

46. The upward change in the balance of the Debt between the August 22, 2018 Letter sent by IC ($2,205.92) and the current balance ($2,222.55) is because of fees that have accrued on the Debt.

47. Exhibit A is a computer-generated form letter.

48. IC's debt collection practice is largely automated and utilizes standardized form letters.

49. On information and belief, the August 22, 2018 Letter attached as Exhibit A is a mass-produced, computer generated form letter that is prepared by IC and mailed to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

50. Defendant used the same procedures they used in sending the letter attached as Exhibit A when sending the same and/or similar letters to other New York consumers.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

52. In sending the Letter attached as Exhibit A, Defendant violated 15 U.S.C. §§1692, 1692e, 1692e(2)(A), 1692e(10).

53. 15 U.S.C. §1692e provides:

**§1692e.        False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of –
>
> > (A) the character, amount, or legal status of any debt;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

54. In considering whether a collection notice violates Section 1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

55. IC violated §1692e(2)(A) and §1692e(10) by flatly asserting in the Letter that the total amount of the Debt owed was a sum certain and by failing to inform Plaintiff that the total amount of the Debt may increase in the future because of interest and/or other charges.  This assertion was untrue and known to be untrue because IC was hired to collect a debt that IC knew would increase because of interest and/or fees accrued and did in fact increase because of interest and/or other fees after the date of the Letter.

56. IC's Letter attached as Exhibit A is misleading within the meaning of 15 U.S.C §1692e because a reasonable consumer could read the Letter and be misled into believing that they could pay their debt in full by paying the $2,205.92 amount listed under the "Balance Due" heading in the Letter. In fact, however, because interest and/or fees on the Debt was accruing, a consumer who paid the $2,205.92 amount listed under the "New Balance" heading would not have paid their debt in full.

57. The Second Circuit Court of Appeals has held that a collection letter, like the Letter attached as Exhibit A, which seeks to collect a debt that is increasing because of interest and/or other charges, violates the FDCPA unless it notifies consumers of their account

balance *and discloses that the balance may increase due to interest and fees*. <u>Avila v</u>
<u>Riexinger & Associates, LLC</u>, 2016 WL 1104776 (2d. Cir. March 22, 2016) ("Because
the statement of an amount due, without notice that the amount is already increasing due
to accruing interest or other charges, can mislead the least sophisticated consumer into
believing that payment of the amount stated will clear her account, we hold that the
FDCPA requires debt collectors, when they notify consumers of their account balance, to
disclose that the balance may increase due to interest and fees. We think that requiring
such disclosure best achieves the Congressional purpose of full and fair disclosure to
consumers that is embodied in Section 1692e. It also protects consumers such as
plaintiffs who may hold the reasonable but mistaken belief that timely payment will
satisfy their debts")

58. Like in <u>Avila</u>, Defendant has violated the FDCPA because the amount of Plaintiff's Debt
was in fact increasing due to interest and/or charges, and the Letter attached as <u>Exhibit A</u>
did not disclose or otherwise state that the Debt may increase in the future because of
interest and/or fees, nor does the Letter use the "safe harbor" language discussed in <u>Avila</u>.
Furthermore, the Letter does not state that the holder of the debt (Sprint) would accept
payment of the "Balance Due" or "Current Balance" listed in the Letter in full
satisfaction of the Debt if payment was made by a specified date. Therefore, like the
letter at issue in <u>Avila</u>, Defendant's Letter attached as <u>Exhibit A</u> similarly violates the
FDCPA for the same reasons.

59. Plaintiff has alleged a particularized injury because the Letter attached as <u>Exhibit A</u> was
mailed and directed to him.

60. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff. *See*, <u>Cohen v. Rosicki, Rosicki & Associates</u>, P.C. 897 F.3d 75 (2d. Cir. July 23, 2018)

61. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that the Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## <u>CLASS ALLEGATIONS</u>

62. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

63. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64. The class is initially defined as (a) all consumers; (b) with a New York address; (c) who were sent a letter from IC in a form materially identical or substantially similar to the Letter attached as Exhibit A to the Complaint; (d) which was not returned by the post office as undeliverable; (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (f) where the debt IC was seeking to collect was accruing interest, fees and/or other charges.

65. The class definition above may be subsequently modified or refined.

66. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

67. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **<u>Numerosity</u>**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of form collection letters. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    ii. **<u>Common Questions Predominate</u>**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

    iii. **<u>Typicality</u>**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would

require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they

were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that IC violated 15 U.S.C. §1692e;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
May 29, 2019

/s/ Ryan Gentile

By:_____

Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (516) 326-2333
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile

By:_____

Ryan Gentile